IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| IAN ABER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:20-00512-CV-RK |
| | ) |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

# ORDER

Before the Court is Plaintiff's appeal brought under 42 U.S.C. § 405(g) seeking review of Defendant Commissioner of Social Security Administration's ("SSA") denial of disability benefits as rendered in a decision by an Administrative Law Judge ("ALJ"). For the reasons below, the decision of the ALJ is **AFFIRMED**.

## Standard of Review

The Court's review of the ALJ's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [ALJ's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account "evidence that detracts from the [ALJ's] decision as well as evidence that supports it." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (citing *Davis*, 239 F.3d at 966. The Court does not "re-weigh the evidence presented to the ALJ." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v. Barnhart*, 349 F.3d

549, 555 (8th Cir. 2003)). The Court must "defer heavily to the findings and conclusions of the [ALJ]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

## Discussion

By way of overview, the ALJ found the following severe impairments: gastroparesis, Barrett's esophagus, diverticulitis, type II diabetes mellitus, history of substance abuse, obesity, mild degenerative disc disease of the cervical spine, left plant[ar] fasciitis, migraines, hiatal hernia, cervico-occipital neuralgia (20 CFR §§ 404.1520(c) and 416.920(c)). The ALJ also determined that Plaintiff has the following non-severe impairments: none. However, the ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equal the criteria of one of the listed impairments in 20 CFR Pt. 404, Subpt. P, App. 1 ("Listing"). Additionally, the ALJ found that despite his limitations, Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 CFR §§ 404.1567(b) and 416.967(b) involving only occasionally balancing, stooping, kneeling, crouching and crawling. The claimant could not climb ladders, ropes or scaffolds. He could have no concentrated exposure to temperature extremes, vibration, or work hazards. He could not operate foot controls. The claimant is limited to simple work of a routine and repetitive nature. Although the ALJ found that Plaintiff is unable to perform any past relevant work, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, Plaintiff can perform jobs that exist in significant numbers in the national economy. Notably, the ALJ additionally determined that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms "are not entirely consistent with the medical evidence and other evidence in the record[.]" (Tr. 13.)

On appeal Plaintiff argues the ALJ's articulated reasons for discounting Plaintiff's allegations of limitations related to gastrointestinal impairments were not supported by substantial evidence. Plaintiff argues the ALJ violated SSR 16-3p in his consideration of Plaintiff's allegations of limitations related to gastrointestinal impairments.

When evaluating a plaintiff's subjective complaints, an ALJ "must give full consideration to all of the evidence presented relating to subjective complaints . . . [including]: (1) the claimant's daily activities; (2) the duration, frequency and intensity of pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions." *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984); *see also* SSR 16-3p, 2016 WL 1020935 (Mar. 16, 2016). "The ALJ is not required to discuss methodically each *Polaski* consideration, so

2

long as he acknowledges and examines those considerations before discounting the [plaintiff's] subjective complaints." *McDade v. Astrue*, 720 F.3d 994, 998 (8th Cir. 2013) (cleaned up). The ALJ may discredit subjective complaints if they are "inconsistent with the evidence on the record as a whole" but must "make an express credibility determination detailing his reasons for discrediting the testimony." *Delrosa v. Sullivan*, 922 F.2d 480, 485 (8th Cir. 1991). In reviewing the ALJ's decision, this Court "will not substitute its opinion for the ALJ's, who is in the better position to gauge credibility and resolve conflicts in the evidence." *Travis v. Astrue*, 477 F.3d 1037, 1042 (8th Cir. 2007).

Plaintiff makes several arguments as to how the ALJ erred in failing to properly evaluate his subjective symptoms. Plaintiff's arguments are without merit. First, Plaintiff argues the ALJ improperly relied on a lack of weight loss, malnutrition, or wasting in its assessment of Plaintiff's allegations related to gastrointestinal impairments. Second, Plaintiff argues the ALJ improperly relied on normal objective testing to discount Plaintiff's allegations when numerous objective tests also revealed abnormal findings consistent with his allegations. Third, Plaintiff argues the ALJ mischaracterized Plaintiff's course of treatment by indicating his symptoms were not severe due to the lack of another surgical intervention since the alleged onset date. Finally, Plaintiff argues the ALJ improperly substituted his own layperson opinion for that of a medical professional in concluding that abdominal pain and other associated symptoms are caused by marijuana and methadone.

Though parsed into separate sections, the core of Plaintiff's arguments is that the ALJ failed in considering lack of weight loss, malnutrition, or wasting; normal objective testing; lack of another surgical intervention since the alleged onset date; and the opinions and advice of physicians in the record that abdominal pain and other associated symptoms were exacerbated by Plaintiff's use of marijuana and prescribed methadone. The ALJ did not improperly "rely on" any one of the grounds Plaintiff challenges, however. Rather, the ALJ properly assessed the consistency of Plaintiff's subjective complaints as to his gastrointestinal impairments with the other evidence of record, which is required pursuant to SSR 16-3p. *See Turpin v. Colvin*, 750 F.3d 989, 993-94 (8th Cir. 2014) (an ALJ may weigh the subjective complaints of Plaintiff and discredit them if they are inconsistent with the evidence as a whole). The ALJ found Plaintiff's alleged subjective gastrointestinal impairment complaints only partially consistent with the other evidence. (Tr. 13, 15.)

3

In addition to the considerations challenged, in his weighing of Plaintiff's subjective gastrointestinal impairment complaints with the evidence as a whole, the ALJ considered Plaintiff's hernia repair surgery in 2017; history of ulcers; diagnoses of gastritis, gastroenteritis, dyspepsia, gastroesophageal reflux disease, and Barrett's esophagus; emergency room treatment on at least six occasions in 2018 for symptoms of abdominal pain, vomiting, nausea, and chills; a March 2018 abdominal CT scan showing diffuse fecal retention and a small hiatal hernia; treatment for aspiration pneumonia secondary for gastroesophageal reflux disease; an October 2018 abdominal CT scan showing mild esophageal wall thickening, indicative of mild esophagitis, as well as diverticulosis and fecal retention; a February 2019 abdominal CT scan showing mild sigmoid diverticulosis, small hiatal hernia, and persistent diffuse hepatic seatosis; a March 2019 gastric emptying study indicating significantly prolonged gastric emptying time; and Plaintiff's prescriptions of Zofran, Pantoprazole, and Promethazine for his gastrointestinal symptoms. (Tr. 14, 15.) The ALJ further considered that despite treatment, Plaintiff complained of ongoing nausea and reflux; that Plaintiff had demonstrated tenderness of the abdomen on examination and had been observed with abdominal pain, nausea, and vomiting during treatment; and that Plaintiff also demonstrated abdominal bulging, exacerbated by lifting. (Tr. 15.) These gastrointestinal impairment findings contributed to the ALJ's decision to reduce Plaintiff's RFC to the light level of exertion with accommodations. (Tr. 15.)

All challenged considerations made by the ALJ come from the section of his analysis in which he considered the evidence weighing against certain of Plaintiff's subjective complaints regarding his gastrointestinal impairments. In that section, the ALJ considered that Plaintiff continued to gain weight and have a BMI falling in the obese range; that Plaintiff had not needed treatment for malnutrition or wasting; and that Plaintiff's strength was intact. (Tr. 16.) The ALJ also considered that "[m]any objective tests completed during treatment for gastrointestinal symptoms have been negative for abnormalities." (*Id.*) Specifically, the ALJ considered a November 2017 abdominal CT scan that was negative except for hepatic steatosis; a February 2018 abdominal CT scan that was unremarkable; a February 2018 ultrasound that showed only moderate to severe hepatic steatosis; an August 2018 abdominal CT scan that was essentially normal; and a May 2018 abdominal CT scan that was negative except hepatic steatosis and punctate non-obstructive right nephrolithiasis. (*Id.*) The ALJ considered that Plaintiff had not required surgical intervention since the alleged onset date; that the record showed Plaintiff's

abdominal pain and reflux were exacerbated by ongoing use of marijuana and prescribed methadone, including advice to stop smoking marijuana to help with vomiting; and that such record suggested that Plaintiff's symptoms "are not expected to continue with continued sobriety and after completion of the methadone." (*Id.*) The ALJ's analysis weighing Plaintiff's subjective complaints against the objective medical evidence is proper. *See Swope v. Comm'r of SSA*, 2020 WL 616168, at *4 (W.D. Mo. Feb. 10, 2020) ("[T]he ALJ . . . found inconsistencies between the objective medical evidence and Plaintiff's subjective complaints. Such analysis was proper[.]")

Additionally, the ALJ considered Plaintiff's ability to perform activities of daily living, finding it inconsistent with his alleged limitations. (*Id.*) In particular, the ALJ noted the record showed that from December 2018 to January 2019, Plaintiff reported having only one flare of stomach symptoms; that Plaintiff was able to attend therapy sessions four days per week and did not generally miss appointments due to symptoms of his impairments; that as of November 2018, Plaintiff had been working; that Plaintiff was able to perform self-care and appear at appointments with normal grooming and hygiene; that he did not appear fatigued on examination or need to leave examinations for restroom use and vomiting; that Plaintiff was able to help care for his child; and that Plaintiff testified he was able to go to the grocery store with the children. (*Id.*) In weighing Plaintiff's allegations against the evidence as a whole, consideration of Plaintiff's activities of daily living is proper. *Ponder v. Colvin*, 770 F.3d 1190, 1195-96 (8th Cir. 2014) (claimant's admission that she could perform light housework, prepare meals, do laundry, and shop "undermine[d] her assertion of total disability"); 20 C.F.R. § 404.1529(c)(3)(i) (the ALJ must consider claimant's "daily activities" when evaluating symptoms).

It cannot be said on this detailed record that the ALJ violated SSR 16-3p in his thorough consideration of Plaintiff's allegations of limitations related to gastrointestinal impairments.

To the extent Plaintiff argues evidence in the record would support the opposite outcome, the Court reiterates the standard of review governing the instant appeal, which dictates "[i]f the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d at 625 (citation omitted). The Court is prohibited from "re-weigh[ing] the evidence presented to the ALJ[,]" *Guilliams*, 393 F.3d at 801 (citation omitted), and must "defer heavily to the findings and conclusions of the [ALJ]." *Hurd*, 621 F.3d at 738 (citation omitted).

5

The Court finds the ALJ's assessment of Plaintiff's subjective physical complaints is supported by substantial evidence.

## Conclusion

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the Court concludes that substantial evidence on the record as a whole supports the ALJ's decision.

IT IS THEREFORE ORDERED that the decision of the ALJ is **AFFIRMED**.

/s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: September 30, 2021

6

Case 4:20-cv-00512-RK   Document 21   Filed 09/30/21   Page 6 of 6